UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **LAKEESHA ROBINSON,** Plaintiff, v. **FAVORITE HEALTHCARE STAFFING, LLC and ILLINOIS DEPARTMENT OF HUMAN SERVICES d/b/a JACK MABLEY DEVELOPMENTAL CENTER,** Defendants. | Case No. 24-cv-50062 Honorable Rebecca R. Pallmeyer Magistrate Judge Margaret J. Schneider |

**DEFENDANT FAVORITE HEALTHCARE STAFFING'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

**I.  INTRODUCTION**

Defendant Favorite Healthcare Staffing, LLC ("Defendant Favorite"), through its attorneys, Littler Mendelson P.C., respectfully moves this Court to dismiss Plaintiff Lakeesha Robinson's ("Plaintiff") Second Amended Complaint in its entirety for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's Second Amended Complaint purports to allege claims of race-based discrimination in violation of Title VII (Count I); and race-based harassment and hostile work environment in violation of Title VII (Count II). Plaintiff's Second Amended Complaint is fatally flawed and must be dismissed because Plaintiff fails to allege sufficient facts to support her claims against Defendant Favorite. At no point in her Complaint does Plaintiff identify a single employee of Defendant Favorite with whom she interacted, let alone caused any of the harm she alleges to have suffered. Without more, Defendant Favorite respectfully requests this Honorable Court dismiss Plaintiff's claims against Defendant Favorite.

II.     FACTUAL ALLEGATIONS[1]

From April 12, 2023, to September 29, 2023, Plaintiff was assigned to work at Defendant Jack Mabley's developmental center in Dixon, Illinois as a registered nurse, after which time her contract expired. Compl. at ¶¶ 14-15, Ex. A. As a temporary healthcare staffing agency, Defendant Favorite worked with both Plaintiff and Defendant Jack Mabley to place Plaintiff in the available nursing role at Jack Mabley. Compl. at ¶ 16. Defendant Jack Mabley's managers supervised Plaintiff, assigned her day-to-day tasks and job responsibilities, controlled and issued Plaintiff's schedule, bore the costs of the operation, promulgated policies and procedures to which Plaintiff was subject, and had the ability to determine the length of the contract. Compl. at ¶¶ 18, 20.

Plaintiff alleges she was one of three African American nurses, all of whom were consistently assigned the role of "sitter" where they were required to sit with patients. Compl. at ¶¶ 24, 26. In addition, Plaintiff alleges African American nurses were disproportionally assigned to dangerous patients who had a history and aversion for African American nurses. Compl. at ¶ 28. Moreover, Plaintiff claims she was consistently denied breaks when she requested them. Compl. at ¶ 37. Plaintiff claims she complained about these assignments to her supervisors, two Charge Nurses, and the Director of Nursing at Defendant Jack Mabley. Compl. at ¶¶ 29, 31, . Plaintiff makes no allegations that she reported these issues directly to Defendant Favorite. Plaintiff believes, without any support, that Defendant Jack Mabley informed Defendant Favorite of these complaints. Compl. at ¶ 41. Plaintiff further asserts other African American nurses notified Defendant Favorite of Defendant Jack Mabley's alleged "discriminatory practices." Compl. at ¶ 42. Plaintiff asserts Defendant Favorite failed to investigate the allegations or take

---

[1] The facts set forth herein are drawn from the Second Amended Complaint and are presumed to be true solely for purposes of this Motion to Dismiss.

2

any other remedial action in response. Compl. at ¶ 43.

Plaintiff brought a charge of discrimination against Defendant Favorite with the Illinois Department of Human Rights on October 6, 2023, which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Compl. at ¶ 5, Ex. A. The EEOC issued a Notice of Right to Sue on January 19, 2024. Compl. at ¶ 6, Ex. B.

### III. LEGAL STANDARD

In resolving a 12(b)(6) motion, the court must take all well-pled facts as true, but the court must also assess whether those factual assertions "plausibly give rise to an entitlement to relief." *Ashcraft v. Iqbal*, 555 U.S. 662, 664 (2004.) Mere recitation of the elements of a cause of action is insufficient to state a claim for relief. *Id*. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must "contain 'enough facts to state a claim for relief that is plausible on its face' and also must state sufficient facts to raise a plaintiff's right to relief beyond the speculative level." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (*quoting Twombly*, 550 U.S. at 557). To defeat a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 555 U.S. at 678.

When ruling on a motion to dismiss, courts may consider the complaint, documents attached to the complaint, and documents referred to in the complaint that are central to the plaintiff's claim. *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 778 (7th Cir. 2007); Fed.R.Civ.P. 10(c). While a court must accept as true any well-pled factual allegations, a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense." *Ortony v. Northwestern Univ.*, 2012 U.S. Dist. LEXIS 169380 at *10 (N.D. Ill. Nov. 29, 2012), *aff'd*, 736 F.3d 1102 (7th Cir. 2013).

IV.     **ARGUMENT**

Plaintiff fails to plead sufficient facts to state a claim of discrimination or hostile work environment as to Defendant Favorite. Accordingly, Counts I and II of Plaintiff's Second Amended Complaint must be dismissed in their entirety as to Defendant Favorite.

    A.     **Plaintiff's Allegations Against Defendant Favorite Fail To Establish A Discrimination Claim Under Title VII (Count I).**

To state a discrimination claim, a plaintiff must plausibly allege her employer took an adverse employment action against her because of a protected class. *See Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 382-83 (7th Cir. 2016). A materially adverse action might be indicated by a "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Porter v. City of Chi.*, 700 F.3d 944, 954 (7th Cir. 2012).

Quite simply, none of *Porter* factors are present here. Plaintiff does not claim that she was terminated, or even that she quit, but rather acknowledges "her contract expired." Compl. at ¶ 14, Ex. B. While Plaintiff adds a conclusory statement in her Second Amended Complaint that she was "constructively discharged," this allegation fails to meet the heightened burden necessary for such a bold claim. Compl. at ¶ 14.

Constructive discharge occurs when an employee's job becomes so unbearable that a reasonable person in that employee's position would be forced to quit. *See EEOC v. Univ. of Chi. Hosps.*, 276 F.3d 326, 331 (7th Cir. 2002). As the Seventh Circuit explained, "working conditions for constructive discharge must be even more egregious than the high standard for hostile work environment because in the ordinary case an employee is expected to remain employed while seeking redress." *Williams v. Waste Mgmt. of Ill., Inc.*, 361 F.3d 1021, 1034 (7th Cir. 2004). Thus,

4

in addition to those conditions required to establish a hostile work environment, Plaintiff must make a further showing: "that the abusive working environment became so intolerable that her resignation qualified as a fitting response." *Pa. State Police v. Suders*, 542 U.S. 129, 124 S. Ct. 2342, 2347, 159 L. Ed. 2d 204, 211 (2004). Plaintiff fails to set forth any allegations to permit an inference that her working conditions were so intolerable that she had no alternative but to stop working for Defendant Favorite.

As Plaintiff admits, Defendant Favorite is a healthcare staffing agency that finds job placements and opportunities for its employees to perform healthcare services in different states throughout the nation, including Illinois. Compl. at ¶ 10, 16. There are simply no allegations in her Second Amended Complaint suggesting Plaintiff could not have worked an assignment at a different facility for a different client in Illinois or another state. At no point did Plaintiff request to be moved before the expiration of her contract and there is no allegation Defendant Favorite did not offer to extend her contract, further weaking her claims of discrimination. Compl. at ¶ 48. Plaintiff centers her discrimination allegations on specific managers at Defendant Jack Mabley who were allegedly assigning her sitting duties, asserting she complained to them several times. Compl. at ¶ 29, 31, 33. Yet Plaintiff fails to explain why she was not similarly empowered to complain to Defendant Favorite, when it supposedly maintained control and supervision over her employment.

Moreover, although Plaintiff did not like the sitting duties to which she was assigned, Plaintiff did not plead a diminishment of responsibilities, or a "demotion," but instead admits she was "consistently" assigned the same duties throughout her entire employment. Compl. at ¶ 26. This falls far short of the threshold needed to establish adverse employment action; she has therefore not made allegations sufficient to establish that she suffered an adverse employment

5

action. There must be a tangible adverse employment action before liability can attach.

Furthermore, Plaintiff fails to sufficiently plead Defendant Favorite's involvement in the alleged discrimination. Liability does not attach where a co-employer does not participate in the alleged discriminatory conduct or fail to take corrective measures within its control.[2] *See Whitaker v. Milwaukee Cnty.*, 772 F.3d 802, 810 (7th Cir. 2014) (liability does not attach where a co-employer does not participate in the alleged discriminatory conduct or fail to take corrective measures within its control); *see also Shah*, No. 12 CV 6845, 2013 WL 1828926, at *6 (no liability where plaintiff failed to articulate what more the alleged employer could have done to rectify the alleged harassment); *see also Watson v. Adecco,* 252 F.Supp.2d 1347, 1356–57 (M.D.Fla.2003) ("the corrective measures available to [the employment agency] are limited, for the defendant, a private company, cannot force its client, another private company, not to discriminate or run its business in a certain manner").

In her Second Amended Complaint, Plaintiff fails to include any allegations suggesting she complained to *anyone* at Defendant Favorite about discrimination based upon race. Instead, she relied upon a Defendant Jack Mabley to report its own alleged discriminatory practices to Defendant Favorite. Compl. at ¶ 41. Plaintiff further asserts other African American nurses notified Defendant Favorite of Defendant Jack Mabley's "discriminatory practices." Compl. at ¶ 42. Yet this allegation is devoid of any detail as to which "discriminatory practices" were allegedly reported to Defendant Favorite, when this notification allegedly occurred, and to whom at Defendant Favorite the report was allegedly made. Most critically, however, Plaintiff fails to provide any explanation as to what Defendant Favorite could have done to protect her from the alleged discrimination. *See Shah*, No. 12 CV 6845, 2013 WL 1828926, at *6. While there may

---

[2] Defendant reserves the right to assert additional arguments regarding joint employment as new facts come to light.

have been a possibility for Plaintiff to be placed in a different assignment, there is no allegation that she made such a request during *or* after her contact. Further, there is no allegation that Defendant Favorite was involved in the alleged diminishment of Plaintiff's job duties. By her own admission, Plaintiff was not terminated from Defendant Jack Mabley, nor from Defendant Favorite, and still remains eligible for assignments through Defendant Favorite. Compl. at ¶ 48. The mere fact that Plaintiff's contract ended does not prohibit her from pursuing other opportunities. Defendant Favorite does not control the actions of Defendant Jack Mabley, or the day-to-day job assignments at the facility, so it is unclear what more it could have done to address the alleged discrimination that occurred at Defendant Jack Mabley's facilities.

These wanting allegations regarding an adverse employment action and lack of Defendant Favorite's involvement in the alleged discrimination makes clear Plaintiff's discrimination claim against Defendant Favorite in Count I of the Second Amended Complaint must be dismissed.

    **B.    Plaintiff fails to Meet the High Burden Necessary for a Hostile Work Environment Claim (Count II).**

Similarly, Plaintiff cannot meet the burden necessary to plead a hostile work environment claim. To be actionable under Title VII, harassment must be sufficiently severe or pervasive so as to alter the conditions of an individual's employment and create an abusive working environment. *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 941 (7th Cir. 2007) (collecting cases in the Seventh Circuit distinguishing between actionable harassment and merely objectionable conduct). Title VII does not guarantee a utopian workplace, or even a pleasant one. *Patton v. Indy Public Sch. Bd.*, 276 F.3d 334, 340 (7th Cir. 2002). The Supreme Court has repeatedly explained that "conduct must be extreme" "to ensure that Title VII does not become a 'general civility code.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citations omitted).

Courts "assume employees are generally mature individuals with the thick skin that comes

from living in the modern world." *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018). "As a result, employers generally do not face liability for . . . unpleasantries that are, unfortunately, not uncommon in the workplace." *Id*. "Rather, conduct must 'permeate[]' the workplace with 'discriminatory intimidation, ridicule, and insult' that 'create an abusive working environment.'" *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993). In other words, the conduct must be sufficiently severe and pervasive enough to create an objectively hostile work environment, which is a "high bar" to meet in this Circuit. *Inman v. Lemont Pub. Lib. Dist.*, 2020 U.S. Dist. LEXIS 158559, *11 (N.D. Ill. Sept. 1, 2020) ("Objective hostility is a 'high bar' to meet in the Seventh Circuit.").

The alleged behavior Plaintiff complains of is not severe or pervasive enough to create an objectively hostile work environment. *See Winters v. Hamos*, No. 16-cv-10777, 2018 WL 3458266, at *10-13 (N.D. Ill. July 18, 2018) (dismissing hostile work environment claim where plaintiff "allege[d] that the Defendant denied him training, failed to give him performance reviews or gave him baseless poor reviews, gave him an excessive workload, and suspended him for seven days," and made discriminatory comments). In determining whether a conduct is severe or pervasive under this standard, courts look to "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23.

Plaintiff appears to take issue with the disproportionate assignment of sitting duties and certain patient assignments to African American nurses, including herself.[3] This faulty logic assumes a hostile work environment exists by merely showing discrimination exists. Yet this is

---

[3] Plaintiff alleges she was the only African American nurse left shortly after September 4, 2023, so it is unclear who would have conducted sitting duties while Plaintiff was not working until her contract ended on September 29, 2023. Compl. at ¶ 35.

8

Case: 3:24-cv-50062 Document #: 34 Filed: 07/11/24 Page 9 of 11 PageID #:150

not what Title VII contemplates. *See Gracia v. Sigmatron Int'l, Inc.*, No. 2011 CV 7604, at *6 (N.D. Ill. Dec. 17, 2014) ("Conduct giving rise to the hostile work environment claim must be both objectively and subjectively offensive so as to render the work environment "hostile" or "abusive.""). Tellingly, Plaintiff proffers no direct evidence in the form of discriminatory comments that any of this conduct was based on Plaintiff's race. There are no allegations that these sitting duties interfered with her work performance or that she received any negative reviews. While Plaintiff asserts she suffered physical damage to her knees requiring regular injections, it is unclear how "merely sitting with patients" resulted in such a significant injury. Compl. at ¶ 27, 47. Moreover, Plaintiff worked at the facility for months, after being treated consistently throughout her entire employment, negating any inference that an objectively hostile work environment existed. *See Mannie v. Potter*, 394 F.3d 977, 983 (7th Cir. 2005) (granting summary judgment for the defendant on a hostile work environment claim, in part, because the plaintiff offered no proof that she "was unable to perform her job because of the conduct of her supervisors and co-workers").

Additionally, like the discrimination claim above, Plaintiff fails to sufficiently plead Defendant Favorite's involvement in the alleged hostile work environment. *See Whitaker v*, 772 F.3d 810. Again, Plaintiff admits she did not complain to *anyone* at Defendant Favorite about harassment or hostile work environment based upon race, instead relying upon Defendant Jack Mabley to report its own alleged bad acts to Defendant Favorite. Compl. at ¶ 41. Plaintiff pleads no facts as to why she failed to take advantage of reporting harassment as compared to others. Nonetheless, Plaintiff was not prohibited from pursuing other opportunities with Defendant Favorite's other clients and Plaintiff failed to demonstrate what more Defendant Favorite could have done to address the alleged hostile work environment at Defendant Jack Mabley's facilities.

*See Shah*, No. 12 CV 6845, 2013 WL 1828926, at *6. As such, Plaintiff failed to allege a hostile work environment claim based on race against Defendant Favorite under *Twombly* and *Iqbal*, and therefore, Count II of the Second Amended Complaint must be dismissed.

## V.     CONCLUSION

For the foregoing reasons, Defendant Favorite respectfully requests that this Honorable Court dismiss Counts I and II in Plaintiff's Second Amended Complaint against Defendant Favorite, and for any other relief this Court deems appropriate.

Dated: July 11, 2024

Respectfully submitted,

**FAVORITE HEALTHCARE STAFFING, LLC**

*/s/ Elizabeth Hanford*
By Its Attorneys

Lucy Bednarek, Bar No. 6269389
lbednarek@littler.com
Elizabeth Hanford, Bar No. 6324009
ehanford@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street - Suite 1100
Chicago, IL 60654
Telephone:     312.372.5520
Facsimile:     312.372.7880

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that, on July 11, 2024, she caused a copy of the foregoing to be electronically filed with the Clerk of the Court, using the CM/ECF system, and served via email upon the attorneys of record.

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave.
Suite 200
Lombard, IL 60148
mbadwan@sulaimanlaw.com

/s/ *Elizabeth Hanford*